## ASHMEAD v. BORIE.

A consignment, coupled with an order to transmit the nett proceeds of the shipment to A., a creditor of the consignor, is an appropriation of the proceeds. And where the consignee deducted his general balance, and invested the balances arising from the shipment, and due on former account, in a return cargo, A. is entitled to the whole of the proceeds of such cargo, not exceeding the amount which had been appropriated to him.

IN error from the District Court of Philadelphia.

*March* 14. Borie and others sold certain sugars to Sartori, taking in payment a bill for one-half the price, on Bell, De Yong & Co., to whom the sugars were consigned, together with an order to invest the nett proceeds of the sugars in goods to be shipped to Borie & Co. On the receipt of the sugars, Bell, De Yong & Co. sold them; and, after deducting the general balance due them by Sartori, invested. the residue, together with other property of Sartori in their hands, in certain goods, which they consigned to Sartori. Sartori made an assignment for creditors to Ashmead, who received the proceeds; and the question was, whether Borie & Co. were entitled to the proceeds? It was admitted, that the nett proceeds of the sugars far exceeded the whole amount invested and shipped to Sartori by Bell, De Yong & Co., and the nett proceeds of that shipment received by Ashmead.

FINDLAY, J., instructed the jury, that neither Sartori nor his assignee could take advantage of his own wrong, or that of his agent; and, as the amount invested in the return cargo was less than the nett proceeds of the sugars, the plaintiffs were entitled to the whole.

*Ashmead,* for plaintiff in error, contended the plaintiffs could not recover, because the goods were not the proceeds of the sugars exclusively; but, if they were entitled, it could only be for the proportion which the proceeds of the sugars and the other property thus invested bore to the amount realized.

*Gerhard,* contrà.

*March* 17. ROGERS, J. (after stating the grounds taken by the plaintiff in error.)—The first proposition cannot be maintained, and, indeed, has been faintly pressed in the argument; for, undoubtedly, the plaintiffs, to whom the fund was equitably assigned, are entitled to recover the proceeds of their own property. The difficulty is, as to the extent of their claim. On this point, we are disposed to adopt the charge of the court. By accepting the consignment, Bell, De Yong & Co. bound themselves to carry out the accompanying instructions of the principal, particularly as regards the interests of the plaintiffs, to whom the fund being appropriated, was specially assigned. Clemson *v.* Davidson, 5 Bin. 398, is an authority for the position. Bell, De Yong & Co., acting in good faith, were compelled to set aside, for the use of the plaintiffs, a moiety of the proceeds arising from the sale of the sugars; but, instead of pursuing this obvious course, under pretence of a lien for a general balance due them from Sartori, who was insolvent, they mingle it with the proceeds of other property belonging to Sartori, and remit the balance, after deducting their own debt. When a confusion of goods takes place through the design of one party without the consent of the other, the law, to guard against frauds, gives the certain property, without any account, to him whose orignal dominion is invaded and endeavoured to be rendered uncertain without his consent: 2 Kent, 364. As between Sartori and the plaintiffs, the remedy would seem to be plain and simple; and the assignees, who are trustees for the general creditors, stand in the same position. A person intermingling goods can never take advantage of his wrong; and, whether done by himself or his agent, can make no difference. None of the creditors have a special interest in the fund, except the plaintiffs; and, as the amount invested in the return cargo is less than the nett proceeds of the sugar, the plaintiffs are entitled to judgment for the whole amount.

Judgment affirmed.